IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| FANNIE M. MORRISON, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | **7:06-CV-87 (HL)** |
| MICHAEL J. ASTRUE[1] : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

**RECOMMENDATION**

The plaintiff herein filed an application for a period of disability and Disability Insurance benefits on November 29, 2002; this application was denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on May 24, 2004. In a decision dated July 29, 2004, the ALJ denied plaintiff's claim. The Appeals Council remanded this case back to the ALJ for further proceedings. A new administrative hearing was held on November 16, 2005. On January 12, 2006, the ALJ issued a new hearing decision denying plaintiff's claims. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

---

[1]On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security and should, therefore, be substituted for Commissioner Jo Anne B. Barnhart as Defendant in this action. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d)(1).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of

impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education, and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of morbid obesity, rheumatoid arthritis, and osteoarthritis of the knee, but that she was not disabled as of the date she was last insured on December 31, 1997, and that she could perform a narrowed range of light work activity.

Plaintiff contends that the ALJ failed to adequately consider her bipolar disorder, raising several issues relative to that failure.

Plaintiff contends that the ALJ incorrectly concluded that plaintiff's bipolar disorder was not a "severe" impairment, as it had essentially gone into remission due to medication. The ALJ found that plaintiff "has no symptoms on medication," and while the condition was long standing,

> she did not seem to have significant psychiatric problems when she was working, other than some unhappiness when she was demoted toward the end of her working career. After her retirement she did very well and was much improved in attitude, which seemed understandable because for so many years she did not like working for the phone company.

(Tr. 37).

A board certified psychiatrist testified via telephone at the hearing, and concluded, after

reviewing the medical records and plaintiff's testimony, that while it appeared that plaintiff suffered from significant mental problems, once plaintiff retired in April of 1992, her condition was pretty stable until switching medications in 2002, well after her last insured date. (Tr. 37-38). The ALJ concluded that there

> is nothing to show her mental health condition was more than transient and/or caused significant vocational limitations from the alleged disability onset date to on or before her date last insured on December 31, 1997. Any such impairment is not a severely medically determinable impairment because it is not supported by any objective medically acceptable documentation.

(Tr. 38).

Plaintiff asserts that the fact her symptoms of bipolar disorder improved significantly upon her retirement is further evidence that bipolar disorder was a severe impairment and evidence of her disability.

Here, the ALJ found that her bipolar disorder was not "severe." A severe impairment is an impairment which significantly limits a claimant's physical or mental abilities to do basic work activities. See 20 C.F.R. § 404.1520(c); see also 20 C.F.R. § 404.1521(a) (defining a non-severe impairment); Bridges v. Bowen, 815 F.2d 622, 625 (11th Cir. 1987) ("An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, regardless of age, education, or work experience." (quotations omitted)). An impairment also must be severe for at least twelve consecutive months. See 20 C.F.R. §§ 404.1505(a), 404.1509, 404.1520(c); Barnhart v. Walton, 535 U.S. 212, 217 (2002).

In the decision, the ALJ relies on the medical evidence from Dr. Glenn Ruminson, plaintiff's treating psychiatrist. (Tr. 36). On April 25, 1991, Dr. Ruminson noted that plaintiff "had a few

blue days" but remained "out of depression." (Tr. 459). Plaintiff also reported that she was getting bored with her job, but could leave at 30 years service. (Tr. 459). Plaintiff reported that she was feeling good in November 1991 and February 1992. (Tr. 456-57). On April 29, 1992, two weeks after the alleged onset of disability in this case, plaintiff reported that she retired from the phone company and that she was "as happy as can be." (Tr. 455). Dr. Ruminson noted that plaintiff's bi-polar disorder was stable on medication. (Tr. 455). In March 1993 and August 1993, plaintiff reported that she was doing really well. (Tr. 335-36). In December 1993, plaintiff was doing well and her affect and mood were excellent. (Tr. 333). The medical records indicate that plaintiff also reported doing well through June 1995 and Dr. Ruminson noted that plaintiff's bi-polar disorder was in remission. (Tr. 449). Furthermore, although the record is dated out of the relevant period in this case, Dr. Ruminson again noted in March 2000 that plaintiff's bi-polar disorder was in remission and that plaintiff "is retired and enjoying that life." (Tr. 449).

In June 1997, Dr. Kay reported that Morrison had been depressed since 1996 when her father died and that she is currently depressed, spending 12-15 hours each day sleeping and occasionally thinking about suicide. (Tr. 317). In August 1997, he noted that Morrison's affect was "obviously depressed" and planned to talk with her about "further aggressive management of her current depression." (Tr. 316).

In 2006, Dr. Ruminson, plaintiff's treating physician for over 20 years, stated that plaintiff was "Bipolar II" and would experience disabling depression and hypomanic episodes.

> Normal workplace stresses would trigger cycling of her mood disorder. The absence of workplace demands was instrumental in a better stabilization of her mood disorder. Were she working she would have had more of the severely disabling depressive episodes. In fact, in my opinion she was incapable of competitive employment after 1992.

He noted that her daily activities and ability to maintain social function were moderately

5

limited and she had marked difficulties in maintaining concentration, persistence or pace." (Tr. 27).

Plaintiff additionally complained of drowsiness due to her medication from 1992 and 1993, where she complains to her physician about drowsiness due to over sedation. (Tr. 452-456).

The decision by the ALJ clearly shows that he considered the testimony of both plaintiff's husband and her former co-worker, and explicitly found them to be generally credible. (Tr. 40). The ALJ discounted their descriptions of plaintiff's mental functioning because it was not supported by the objective medical evidence, or because it related to plaintiff's symptoms prior to her alleged onset date.

The conclusion reached by the ALJ that plaintiff's bipolar disorder was not a "severe" impairment is troubling in light of the record as a whole. While the objective medical evidence shows that plaintiff's bipolar disorder was cyclical at times, at times prior to her alleged onset date, and after her date last insured she required hospitalization because of her bipolar disorder. Additionally, during the time period under consideration, plaintiff expressed ideations of suicide (Tr. 316), and expressed grogginess due to her medications. (Tr. 452-456, 317). Plaintiff's testimony is consistent with this medical evidence, as is the evidence presented by her husband (Tr. 201) and her co-worker (Tr. 210).

SSR 85-28 states that an impairment is non-severe if it "has no more than a minimal effect on a claimant's ability to do basic work activities."

The undersigned believes that this conclusion was not based upon substantial evidence. Given the record as a whole, at a minimum, her bipolar disorder should have been considered to be a "severe" impairment, as it had more than a minimal effect on her ability to perform work.

In light of the fact that the ALJ even noted how plaintiff's symptoms of bipolar disorder improved upon her retirement (Tr. 37), it could be concluded, as suggested by plaintiff, that it is in itself evidence of her inability to perform work.

Upon remand, the ALJ should examine all of the relevant evidence, medical and non-medical, as to plaintiff's bipolar disorder in conjunction with her other severe impairments. This may include re-evaluating plaintiff's testimony, as well as that of her husband and co-worker.

Inasmuch as the Commissioner's final decision in this matter is not supported by substantial evidence, it is the RECOMMENDATION of the undersigned that the Commissioner's decision be **REVERSED AND REMANDED for further consideration** in light of this recommendation. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 30th day of August, 2007.

//S Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

msd